IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VALLEY ICE & FUEL CO., INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS | § | CIVIL ACTION NO. ___ B-02-139 |
| | § | |
| F/V 15 DE OCTUBRE I, | § | |
| F/V ESPERANZA V, | § | |
| F/V DONOSTI III, F/V DONOSTI IV, | § | |
| F/V ROJIMAR I, F/V ROJIMAR II | § | |
| F/V DONOSTI V, F/V EASO I, | § | |
| F/V CAMARONES DEL GOLFO XII, | § | |
| F/V EASO II, F/V FIPESCO 93 | § | |
| F/V EASO IV, F/V PORTHOS I | § | |
| F/V PORTHOS II, F/V VILUJO I | § | |
| F/V DON CEFE, F/V APOLO, | § | |
| F/V MECOACAN II, F/V PONY CHIEF, | § | |
| F/V ALHAMBRA II, F/V LULU | § | |
| F/V MOJAVE CHIEF, F/V FIPESCO 79 | § | |
| F/V DON JUAN, F/V CAMARONERA VII | § | |
| F/V ANDRES GARCIA, F/V EDWARD | § | |
| F/V KULKULKAN XIV, F/V TAURO, | § | |
| F/V MARQUEZ VI, F/V MONICA II, | § | |
| F/V CONCORDIA I, F/V MARQUEZ III | § | |
| F/V MONICA III, F/V DON ALVARO III, | § | |
| F/V DON ALVARO IV, F/V FENICO V | § | |
| F/V FIPESCO 51, F/V FIPESCO 90 | § | |
| F/V FIPESCO 137, | § | |
| F/V LAGUNA DE PANLAO IX | § | |
| F/V CAPITAN LALO, | § | |
| F/V SAN ANTONIO II, | § | |
| their engines, tackle, apparel | § | |
| and furniture, IN REM, | § | |
| | § | |
| Defendants, | § | |

United States District Court
Southern District of Texas
ENTERED

JUL 11 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

ORDER FOR ARREST AND SEIZURE OF VESSEL
AND APPOINTMENT OF SUBSTITUTE CUSTODIAN

TO THE HONORABLE JUDGE OF SAID COURT:

This matter being presented to the above-entitled Court upon the Motion of Plaintiff, VALLEY ICE & FUEL CO., INC., for entry of an Order to Arrest and to appoint a Substitute Custodian during the pendency of this proceeding and for the release to such Substitute Custodian of the above named Defendant Vessels, their engines, nets, tackle, apparel, and furniture, *in rem*, which Vessels upon their arrest will be in the custody of the United States Marshal for the District, and it appearing that the custody of said Vessels by Marine Salvage & Services, Inc. will minimize costs in regard to the custody and care of said Vessels during the pendency of this suit,

NOW, THEREFORE, it is hereby ORDERED that the United States Marshal for the Southern District of Texas arrest said defendant Vessels as they may be found within the jurisdiction of the Southern District of Texas and that upon such arrest and seizure the United States Marshal release the Defendant Vessels unto Marine Salvage & Services, Inc., under the following terms and conditions:

1. That Marine Salvage & Services, Inc. is hereby ORDERED to be Custodian and caretaker of the aforenamed Defendant Vessels, which Custodian shall, during the pendency of this suit maintain the integrity of the said Vessels, their engines, tackle, apparel, furniture, etc.,preserving at all times the continuing jurisdiction of this Honorable Court.

2. That Marine Salvage & Services, Inc. be, and is hereby granted authority and leave of this court to move the Defendant Vessels to its facility in Port Isabel, Texas.

3. That said Custodian shall insure that adequate hull and liability insurance be obtained, naming the U.S. Marshal and Plaintiff as additional insureds.

4. It is further ORDERED that all expenses of safekeeping of the Defendant Vessels while under seizure, be allowed as court costs.

DONE at Brownsville, Texas this 11 day of July, 2002

_____
Hilda G. Tagle
United States District Judge